UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
11-CR-225-A

RONALD OHLSON,

       Defendant.

## **INTRODUCTION**

  The defendant, Ronald Ohlson, is charged in an Indictment with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The case was referred to Magistrate Judge Jeremiah J. McCarthy for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1).

  On September 30, 2011, defendant Ohlson filed a motion to suppress evidence seized from his residence during execution of a search warrant authorized pursuant to Fed.R.Crim.P. 41 by Magistrate Judge H. Kenneth Schroeder, Jr., of this Court. On October 14, 2011, the government filed a response in opposition to the motion to suppress. The defendant filed a reply on October 28, 2011.

On November 18, 2011, Magistrate Judge McCarthy issued a report and recommendation ("Report and Recommendation") recommending that the motion to suppress evidence seized from defendant Ohlson's residence be denied in all respects. On December 12, 2011, the defendant filed objections to the Magistrate Judge's Report and Recommendation. On December 22, 2011, the government filed a response. Oral argument on the objections was held on January 6, 2012.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1), this Court applies a de novo standard of review to those portions of the Report and Recommendation to which objections are raised. United States v. Rosa, 11 F.3d 315, 328 (2d Cir. 1993). Upon de novo review of the issues raised concerning the motion to suppress evidence made by defendant Ohlson, the Court adopts Magistrate Judge McCarthy's Report and Recommendation in part and modifies it in part. The Court finds, in what is an extremely close call, that the search warrant was not supported by probable cause because essential information was stale as to the defendant's residence, but finds that the good faith exception to the exclusionary rule of the Fourth Amendment applies. The defendant's motion to suppress evidence is therefore denied.

Defendant Ohlson seeks primarily to suppress evidence obtained from a

computer seized in his residence at 8 Goade Park, Batavia, New York. The defendant argues that because information presented in the affidavit in support of the search warrant that child pornography had been accessed by a computer from the residence was more than a year old when the search warrant was authorized, the information in the warrant was too stale to support a finding of probable cause to search the residence. The defendant specifically objects to Magistrate Judge McCarthy's finding that the information in the warrant affidavit was not stale based upon a law enforcement agent's representation in the affidavit that reliable experience shows that persons with a sexual interest in images of children tend to keep pornographic images of children for years. The defendant also objects to the Magistrate Judge's alternative conclusion that, even if probable cause for the search warrant was stale, the warrant and the supporting affidavit were objectively sufficient to justify a law enforcement agent's reliance upon them so that the good faith exception to the Fourth Amendment's exclusionary rule as stated in United States v. Leon, 468 U.S. 897 (1984), preserves the evidence from suppression.

     The task of assessing probable cause for a search warrant is essentially "a practical, common-sense" evaluation of facts presented to a magistrate judge in support of a search warrant to determine whether there is a "fair probability that contraband or evidence of a crime will be found" at a certain location. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented in support of a warrant

need not themselves show that the reasons to search are "correct or more likely true than false"; they need only "warrant a man of reasonable caution in the belief" that evidence of a crime will be found. Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality opinion) (citation omitted). "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (citation omitted). This deference reflects a "strong preference" for searches conducted pursuant to a warrant, id. at 232, 236, and the long-standing and legitimate preference that law enforcement agents submit evidence to a neutral magistrate before taking action, especially before seeking to search a private residence. See United States v. Ventresca, 380 U.S. 102, 108 (1965).

Applying the great deference that is due to the probable cause finding of the issuing Magistrate Judge in this case, the Court finds that the information in the search warrant affidavit for defendant Ohlson's residence at 8 Goade Park, Batavia, New York, was stale and lacked probable cause to justify the search of the residence. The search warrant affidavit established that an IP address[1] associated with the defendant's residence, during a five-day period from March 15, 2010 through March 19, 2010, accessed an indeterminate number of small thumbnail images of child pornography from a website hosting images of child pornography. The affidavit quotes pertinent web access logs showing that a

---

[1] An IP address is an internet protocol address.

computer using the IP address was used to access pages with the small thumbnail images of child pornography and that at least three of the thumbnail images of child pornography were enlarged. The affidavit represented that computer files or remnants of the files are recoverable even years after they have been downloaded onto a hard drive, deleted, or viewed over the internet. This is a well-recognized characteristic of digital evidence. See e.g., United States v. Coon, 2011 WL 1871165 *1-2 (W.D.N.Y. 2011). The warrant affidavit therefore demonstrated that some evidence of the child pornography images would be forensically recoverable from the computer used to access the images even years after the images were accessed[2].

However, during the more than one year that elapsed from the time the IP address associated with defendant Ohlson's residence accessed the images of child pornography, no other, fresher evidence of a child pornography offense associated with the same IP address or with the defendant's residence was developed and presented to the Magistrate Judge who authorized the search warrant for the residence. No other, fresher evidence that the computer that was used to access the images of child pornography for the one five-day period in March of 2010 actually remained in the residence of April of 2011 was developed

---

[2] The search warrant referred to generic violations of 18 U.S.C. §§ 2252 and 2252A. One of the means of committing the offenses is attempted possession of child pornography. 18 U.S.C. § 2252(b)(2). Another is "knowingly accessing with intent to view" child pornography. 18 U.S.C. § 2252A(a)(5)(B). Probable cause to find possession was therefore not required.

5

and presented to the issuing Magistrate Judge.

As this Court has noted previously, an essential question in cases like this is not only whether child pornography images or remnants of such images remain on a computer used to access the images for a long period of time — it is clear that they do — an essential question is also whether the computer that accessed the images remains at the residence that is to be searched:

> [T]he ability to recover deleted computer files does not, without more, support probable cause to search a residence. There also must be probable cause to believe that the computer will be located at the residence at the time of the search. Ordinarily, where the time between the downloading of the pornography and the search of the residence is relatively brief, it is easy to infer that the computer is still at the location where the pornography was downloaded. The shorter the time between those two events, the stronger the inference. Conversely, as more time passes between the initial download and the search of the residence, the more attenuated probable cause becomes.

United States v. Coons, 2011 WL 1871165 *3 (W.D.N.Y. 2011) (holding that information that a child pornography video had been electronically transferred from a computer associated with a residence nearly a year earlier was too stale to justify a search of the residence). More than one year passed from the single five-day period in March of 2010 when probable cause to believe that images of child pornography had been knowingly accessed using a computer at the IP address associated with the defendant Ohlson's residence first arose until the search warrant was presented to, and authorized by, the issuing Magistrate Judge. As the Court

6

observed in the Coon case, it could not reasonably be inferred after so long a passage of time, without more, that the computer that accessed the child pornography images still remained at the residence that was associated with the IP address used to access the images:

> On the one hand, it is logical to assume that people do not replace their [] computers annually. On the other hand, even if it were assumed that most people do not replace their computers annually, the age of the defendant's computer was unknown to the government and the Magistrate Judge at the time the warrant was issued. It was just as likely that [the] defendant [] had downloaded the image onto a five-year-old computer as it was that he had downloaded it onto a newly-acquired computer.

United States v. Coons, 2011 WL 1871165 *4 (W.D.N.Y. 2011). The essential question was not just whether there was probable cause to believe that evidence would be in the computer, it was also whether there was probable cause to believe that the computer or other evidence of child pornography offenses would still be in the defendant's residence after more than a year. The Court finds that the passage of more than a year rendered the particular information in this warrant affidavit stale as to the defendant's residence.

Magistrate Judge McCarthy specifically found that the information in the warrant affidavit was not stale based upon the opinion of an experienced law enforcement agent expressed in the warrant affidavit that persons who show a sexual interest in children or images of children are likely to retain such images for a long period of time. Magistrate Judge McCarthy correctly stressed that the

7

issuing Magistrate Judge was entitled to rely upon that opinion, see United States v. Diaz, 303 F.Supp.2d 84, 91 (D.Conn. 2004), and that the information bolstered the showing of probable cause. However, in the totality of circumstances of this case — again, whether there was probable cause for issuance of the search warrant is an extremely close call — the Court finds the law enforcement agent's opinion was not sufficient to cure the staleness of the probable cause as to the defendant's residence.

As mentioned previously, the warrant affidavit in this case showed that a person accessed an indeterminate number of images of child pornography during one, relatively short, five-day period of March 15, 2010 through March 19, 2010, without a showing that a person intentionally retained any images of child pornography. Web access logs quoted in the search warrant affidavit that establish that small thumbnail images of child pornography were accessed, and that at least three were enlarged, do not establish that images of child pornography were intentionally retained by the person using the computer either on the computer or elsewhere so as to be available for future viewing, sharing, trading, or production.

Under these circumstances, there was clear probable cause to find that the images were viewed, but there was no showing that the images were intentionally retained anywhere in any form after they were viewed. Based upon a deferential reading of the issuing Magistrate Judge's assessment of the warrant affidavit,

there was probable cause to conclude only that the child pornography images may have remained in an internet browser cache or in a temporary file on the computer that would have been partially recoverable by searching agents using specialized forensic tools as the browser cache or temporary files were overwritten, but no probable cause to believe that any image of child pornography had been intentionally saved to the hard drive of the computer or retained in any form elsewhere within the residence at 8 Goade Park, Batavia, New York[3].

The warrant affidavit contained no other evidence suggesting that the person accessing the images of child pornography had a sexual interest in images of children, was a person who was engaged in collecting any child pornography images, was trading or producing child pornography images, or was otherwise likely to have possessed evidence of such activity at the residence. On these facts, the Court finds that there were inadequate reasons to infer that some image of child pornography or other evidence of a child pornography offense would remain in the residence, even in light of the agent's credible opinion concerning the image-retention practices of other persons with a sexual interest in images of children are shown to have retained images, after more than a year had passed.

---

[3] The term "browser cache" is synonymous with "internet cache" and is used to mean temporary reusable storage space as defined in United States v. Stulock, 308 F.3d 922, 925 (8th Cir. 2002) and United States v. Tucker, 305 F.3d 1193, 1198 n.7 (10th Cir. 2002).

If there had been evidence of images of child pornography being intentionally saved on a computer or elsewhere in defendant Ohlson's residence for future viewing, sharing, trading, or production, there would have been adequate reasons, especially after giving due weight to the agent's experience recounted in the warrant affidavit, to search for and to seize such images or other relevant evidence in the defendant's residence even after such a long delay. The agent's opinion would have been entitled to much more weight in the totality of the circumstances if some predicate showing of image retention had been made in the warrant affidavit.

Although the Court finds that probable cause to search defendant Ohlson's residence was stale, the Court adopts the alternative finding of Magistrate Judge McCarthy that the exclusionary rule of the Fourth Amendment does not require the suppression of the evidence seized from the defendant's residence because of the executing law enforcement agents' objectively reasonable reliance upon the warrant.  A search warrant issued by a magistrate judge  "normally suffices to establish that a law enforcement agent has acted in good faith in conducting the search." United States v. Leon, 468 U.S. 897, 922 (1984).  Suppression is to be the Court's  "last resort, not [its] first impulse." Herring v. United States, 555 U.S. 135, 140 (2009).  In determining whether to suppress evidence, the Court must balance "the benefits of deterrence" against the social costs of "letting a guilty defendant go free because of the exclusion of possibly probative, but improperly

obtained, evidence from use in his prosecution . . . ." United States v. Julius, 610 F.3d 50, 66 (2d Cir. 2010).

The Second Circuit has identified four specific situations when the good faith presumption of reasonableness will not apply to preserve evidence from suppression:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

United States v. Clark, 638 F.3d 89, 100 (2d Cir. 2011) (quoting United States v. Moore, 968 F.2d 216, 222 (2d Cir. 1992)). None apply in this case as the affidavit was neither so deficient as to negate an agent's reasonable reliance upon it nor facially deficient. There is no doubt that if the application to search had been made shortly after the child pornography was discovered by the law enforcement agents, probable cause would have existed. There was not an absence of evidence, but a passage of time that dissipated the probable cause.

No hard and fast rule exists to guide law enforcement agents as to when information supporting of a search warrant becomes too stale to provide probable cause in the totality of the circumstances relevant to the assessment of probable cause to search. This case amply demonstrates that exactly when probable cause becomes lacking due to the passage of time is a determination upon which reasonable judicial minds can differ. In fact, other courts have found probable

cause in circumstances involving much longer delays than were present in the instant case and objectively reasonable reliance upon search warrants issuing on even much more stale evidence. See, e.g., United States v. Pappas, 592 F.3d 799, 803 (7th Cir. 2010) (citing cases); United States v. Frechette, 583 F.3d 374 (6th Cir. 2009) (probable cause to search a residence 16 months after a one-month home subscription to a child pornography web site); United States v. Morales-Aldahondo, 524 F.3d 115 (1st Cir. 2008) (information about download three years earlier not stale). Because the warrant affidavit in this case "provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause," Leon, 468 U.S. at 926, the good faith exception applies. See also United States v. Falso, 544 F.3d 110, 128 (2d Cir. 2008) (finding that the good faith exception applied when the existence of probable cause was "an issue upon which reasonable minds can differ").

A law enforcement officer is not "required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possessed authorizes him to conduct the search he has requested." United States v. Buck, 813 F.2d 588, 592 (2d Cir. 1987) (quoting Massachusetts v. Sheppard, 468 U.S. 981, 989-90 (1984)). The information in the warrant affidavit in this case was certainly not stale as to the computer that accessed the images of child pornography and was not so stale as to defendant Ohlson's residence as to

negate objectively reasonable reliance upon the warrant by the law enforcement agents who executed it. The good faith exception to the exclusionary rule of the Fourth Amendment applies for the reasons stated by Magistrate Judge McCarthy and stated here and the defendant's motion to suppress evidence is denied.

## **CONCLUSION**

For all of the reasons set forth herein and in Magistrate Judge McCarthy's Report and Recommendation, defendant Ohlson's motion to suppress evidence is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 16, 2012